No. 9853.

HEARNE *v.* MILLIKEN ET AL.

Decided May 2, 1921. Rehearing denied June 6, 1921.

Action to determine claims to surplus arising from sale of real property under foreclosure. Judgment for defendant in error Maude P. Milliken.

*Affirmed.*

1. REAL PROPERTY—*Vendor and Purchaser—Conflicting Claims.* The rights of a vendee under an executory contract for the sale

of land are not displaced or impaired by the subsequent accruing of a judgment lien against the vendor.

2.     *Specific Performance—Who Entitled to.*   Only the party to be held under a contract for the sale of real property can raise the question that the document is too indefinite to be enforced by a suit for specific performance.

3. APPEAL AND ERROR—*Findings of Fact.*   Findings of fact justified by the evidence, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. EDMUND J. CHURCHILL, Mr. HENRY E. LUTZ, for plaintiff in error.

Mr. ARTHUR R. MORRISON, for defendant in error Maude P. Milliken.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which began as one for the foreclosure of a mortgage upon Lots 11 and 12, Block 59, Brewer's Park Place in the City and County of Denver, Colorado, also known as 1133 Race Street, which at the time of the execution of the mortgage, October 8, 1917, was owned in fee by William B. Milliken. The controversy is now between two of the defendants below, Robert G. Hearne and Maude P. Milliken. They each conceded the lien priority of the mortgage above mentioned, but each claims to be entitled, in preference to the other, to any surplus arising at the foreclosure sale. Hearne is the holder of a judgment lien, and Maude P. Milliken is the purchaser under a contract of sale, as will more fully appear hereinafter. The judgment, as to the case between these two defendants, was for Milliken, and Hearne brings the cause here for review.

The ultimate question to be determined is whether the judgment lien of the plaintiff in error, Hearne, is superior

to the claim of defendant in error, Maude P. Milliken, to the real estate involved in this case. Hearne obtained a judgment in the United States District Court against William B. Milliken on June 1, 1918. He recorded a transcript of the judgment in the City and County of Denver on June 5, 1918, and the judgment then became a lien on real estate or interest in real estate then held by William B. Milliken in the City and County of Denver. At the time the transcript of judgment was recorded, there was already on record, affecting the same property, the following instrument, which had been recorded March 9, 1918:

"February 3, 1917.

"Received from Maude P. Milliken, one dollar, for which I promised her a deed to our home known as 1133 Race Street.

W. B. Milliken."

This instrument is treated both by the plaintiff in error and by the defendant in error as a contract of sale wherein Maude P. Milliken is the purchaser and William B. Milliken is the vendor of the real estate. There is no serious claim that the instrument last above quoted does not constitute notice of the claims of Maude P. Milliken. Under the facts thus far stated, the judgment below is right under the rule, stated in 23 Cyc. 1382 as follows:

"The rights of the vendee under an executory contract for the sale of land are not displaced or impaired by the subsequent accruing of a judgment lien against the vendor."

See also 39 Cyc. 1304.

The only reason advanced by plaintiff in error why the instrument in question is not effective as against him is that it is too indefinite to be enforced by a suit for specific performance, but we hold that it is William B. Milliken, the party to be held under the contract, and not plaintiff in error or any other third person, who can raise this question.

The principal attack upon the judgment is upon the ground that the contract to convey to Maude P. Milliken,

who was the wife of William B. Milliken, was with intent to defraud the husband's creditors. Upon the question of fraudulent intent, the court found against the plaintiff in error. The circumstances shown in evidence are sufficient to justify that finding.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.